IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| DISABILITY LAW CENTER OF VIRGINIA | ) | |
| 1512 Willow Lawn Drive, Suite 100 | ) | |
| Richmond, Virginia 23230 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:23-cv-259 |
| | ) | |
| HCA HEALTH SERVICES OF VIRGINIA, | ) | |
| Operating at | ) | |
| Parham Doctors' Hospital | ) | |
| 7700 E Parham Road | ) | |
| Richmond, VA 23294 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

In this action, Plaintiff disAbility Law Center of Virginia ("dLCV") seeks a court order to compel the Defendant to provide records to the dLCV under the Protection and Advocacy for Individuals with Mental Illness (PAIMI) Act, 42 U.S.C. § 10801 *et seq*. The records concern a series of incidents of alleged abuse and neglect eventually causing the death of a service recipient with serious mental illness, Irvo Otieno, a resident of Virginia. dLCV needs these records to investigate the treatment of Irvo Otieno.

1.      Three federal statutes require states to establish protection and advocacy (P&A) agencies to protect persons with disabilities and advocate on their behalf. Those statutes are the Developmental Disabilities and Bill of Rights Act ("DD Act"), the Protection and Advocacy for Individuals with Mental Illness ("PAIMI Act"), and the Protection and Advocacy of Individual Rights Act ("PAIR Act"). DD Act, 42 U.S.C. §§ 15001–115 (2006); PAIMI Act, 42 U.S.C. §

10801–851 (2006); PAIR Act, 29 U.S.C. § 794e (2006). To receive federal funding under the PAIMI, PADD and PAIR Acts, states must have a P&A system.

## PARTIES

2.      dLCV is a private, non-profit organization that is the Commonwealth of Virginia's designated P&A organization for persons with disabilities. Va. Code § 51.5-39.13.

3.      The Defendant, HCA Health Services of Virginia, operates Parham Doctors' Hospital, a facility that provides treatment and care to individuals, including individuals with mental illness. The Defendant is subject to the record production provisions of the P&A statutes cited above.

## JURISDICTION AND VENUE

4.      Jurisdiction is proper in this Court under 28 U.S. Code § 1331, since the Plaintiff's federal claim is established by the PAIMI Act, 42 U.S.C. § 10801 *et seq*.

5.      Venue is proper in this district consistent with 28 U.S.C. § 1391.

a.      The Defendant, HCA Health Services of Virginia, operates Parham Doctors' Hospital, a hospital located in, and conducting its business from, Henrico County, VA. Venue is, thus, proper consistent with 28 U.S.C. § 1391(b)(1).

b.      Venue is also proper consistent with 28 U.S.C. § 1391(b)(2), as the alleged abuse and neglect of Irvo Otieno occurred in Henrico County, Virginia and Dinwiddie County, Virginia.

## STATEMENT OF FACTS

6.      As noted above, through the DD Act, Congress established the P&A system to monitor and investigate incidents of abuse and neglect and to pursue legal, administrative, and other appropriate remedies to safeguard the rights of individuals with developmental disabilities. Congress extended the protection and advocacy mandate to cover individuals with mental illness

with the enactment of the PAIMI Act in 1986. The scope of the P&A system was further expanded in 1993 when the PAIR Act was enacted. In 2000, Congress amended and expanded the PAIMI Act to give protection and advocacy systems in the United States the authority to investigate abuse and neglect in the community.

7.      HCA Health Services of Virginia operates Parham Doctors' Hospital, which is a provider of medical and behavioral health services, care and treatment to individuals with mental illness located in Henrico County, VA. As a provider of care to individuals with mental illness, HCA Health Services of Virginia is subject to the PAIMI Act requirements.

8.      On March 9, 2023, dLCV received a complaint through newspaper reports relating to the alleged abuse and neglect of Irvo Otieno by numerous providers and agencies between March 3, 2023 and March 6, 2023.  This alleged abuse and neglect resulted in the death of Irvo Otieno at Central State Hospital on March 6, 2023.  dLCV learned that Irvo Otieno was provided care and treatment by Parham Doctors' Hospital on March 3, 2023.

9.      The disAbility Law Center of Virginia (dLCV) requested records within Defendant's possession related to care and treatment provided to Irvo Otieno on March 3, 2023. On March 24, 2023, dLCV sent a letter via mail, email, and fax requesting copies of records (video footage during time at hospital and transportation, medical notes, medication administration records, and any additional treatment notes, incident reports, and security footage in connection to the critical incident on March 3, 2023, including all supporting documentation) related to the treatment and care provided to Irvo Otieno by Parham Doctor's Hospital. dLCV requested that the records be produced by April 3, 2023.

10.     dLCV did not receive a response to the March 24 letter.

11.     On April 7, 2023, dLCV sent another letter via mail and email to Defendant reiterating the document request and advising Defendant that it was in violation of the PAIMI Act. dLCV requested that the records be produced by April 12, 2023.

12.     dLCV did not receive a response to the April 7 letter.

13.     On April 14, 2023, dLCV called Defendant to discuss the status of its records request. A representative named Tiara indicated that our initial request was denied due to lack of an authorization. dLCV explained its access authority to Tiara and she resubmitted dLCV's request, escalating it to a supervisor.

14.     On April 17, 2023, in an attempt to resolve this issue without litigation, dLCV emailed Defendant with a copy of this Complaint, advising that it would be filed on Wednesday of the same week.

15.     To date, dLCV has not received a copy of the documents requested nor a written response from Defendant.

CAUSE OF ACTION

16.     P&A access to records of individuals with mental illness is outlined in detail in 42 U.S.C. § 10805(4) and 42 CFR 51.41(a).

17.     The PAIMI Act at 42 U.S.C. § 10805(4)(B) provides that the P&A shall have access to "*all* records" of "any individual (including an individual who has died . . .)" who cannot authorize such access, does not have a legal guardian, conservator, or other legal representative, and with respect to whom a complaint has been received.

18.     dLCV believes that Irvo Otieno was his own decision-maker and did not have a guardian. However, even if Irvo Otieno had a guardian, that guardianship or any other legal representative status is extinguished by his death.

19.     Furthermore, 42 CFR 51.41(a) states that: "Access to records shall be extended promptly to all authorized agents of a P&A system." Although the PAIMI Act does not define "promptly," the DD Act regulations specify that records must be provided to the P&A system "within three days." 45 C.F.R.1326.25.

20.     If a provider intends to deny or delay access to records requested, it is required by 42 C.F.R. § 51.43 to promptly provide "a written statement of reasons."  "Access to . . . records shall not be delayed or denied without the prompt provision of written statements of the reasons for the denial."

21.     dLCV repeatedly requested records from Defendant, to which dLCV is entitled under federal law.

22.     To date, the Defendant has failed to produce the requested records and has not provided a written statement of the reasons for their delay or denial.

23.     The Defendant's refusal prevents the dLCV from carrying out its protection and advocacy functions for individuals with disabilities, and wrongfully burdens the exercise of its authority to access records.

24.     Without action by this Court to compel the Defendant's compliance with the mandates of PAIMI Act, dLCV's ability to carry out its protection and advocacy functions on behalf of individuals with disabilities will continue to be irreparably harmed.

RELIEF REQUESTED

WHEREFORE, the Plaintiff respectfully requests that the Court grant the following relief:

1. Enter a declaratory judgment stating that the Defendant's failure to provide the requested records violates the PAIMI Act;

2.  Enter an injunction requiring the Defendant provide dLCV with access to the requested records;

3.  Retain jurisdiction over this action to ensure the Defendant's compliance with the mandates of the PAIMI Act; and

4.  Any additional relief, including attorney's fees and costs, that the Court deems appropriate.

For the above-stated reasons, the Plaintiff disAbility Law Center of Virginia asks the Court to enter judgment in its favor.

Dated: April 19, 2023.

Respectfully submitted,

THE DISABILITY LAW CENTER OF VIRGINIA


By:  _/s/ Rebecca S. Herbig_____
Rebecca S. Herbig, VSB 65548
The disAbility Law Center of Virginia
1512 Willow Lawn Drive, Suite 100
Richmond, Virginia 23230
Telephone: 800-551-3962
Fax: 804-662-7431
Email: rebecca.herbig@dlcv.org